IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOSEPH SMITH, | § | |
| | § | |
| *PLAINTIFF*, | § | |
| v. | § | CASE NO. _____ |
| | § | |
| ORBCOMM, INC., and STARTRAK | § | |
| INFORMATION TECHNOLOGIES, LLC | § | |
| | § | JURY TRIAL REQUESTED |
| *DEFENDANTS*. | § | |
| | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Joseph D. Smith ("Smith" or "Plaintiff"), files this Original Complaint and would show the Court the following:

### PARTIES

1. Plaintiff Smith is an individual, who resides in the Eastern District of Texas at 15211 County Rd. 4255 South, Henderson, Texas 75654-6148. All pleadings may be served on Smith through his attorney-in-charge, David K. Anderson, Anderson & Cunningham, P.C., Four Houston Center, 1221 Lamar, Suite 1115, Houston, Texas 77010.

2. Defendant ORBCOMM, Inc. ("ORBCOMM"), is a Delaware corporation with a principal place of business at 395 W. Passaic Street, Suite 325, Rochelle Park, New Jersey 07662. ORBCOMM may be served with process through its registered agent for service of process, Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

3. Defendant StarTrak Information Technologies, LLC ("STIT"), is a Delaware limited liability company with a principal place of business at 395 W. Passaic Street, Suite 325,

Rochelle Park, New Jersey, 07662. STIT may be served with process through its registered agent for service of process, Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367 because this is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq.*

5. The Court has specific and general personal jurisdiction over ORBCOMM and STIT (collectively referred to herein as "Defendants"), pursuant to due process and the Texas Long Arm Statute, because ORBCOMM and STIT are present within or has minimum contacts within the State of Texas and the Eastern District of Texas; ORBCOMM and STIT have purposefully availed itself of the privileges of conducting business in the State of Texas and the Eastern District of Texas; Defendants have sought protection and benefit from the laws of the State of Texas; Defendants regularly conduct and/or solicit business and engage in other persistent courses of conduct within the State of Texas and within the Eastern District of Texas; ORBCOMM and STIT have derived substantial revenues from their business activities, including their infringing acts, occurring within the State of Texas and the Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6. More specifically, ORBCOMM and STIT, directly and/or through authorized intermediaries, ship, distribute, offer for sale, sell, market, and/or advertise products and services in the United States, the State of Texas, and the Eastern District of Texas, including but not

limited to the accused instrumentalities as detailed below.  ORBCOMM and STIT solicit customers in the State of Texas and in the Eastern District of Texas.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).  ORBCOMM and STIT have transacted business in this judicial district, and have directly and indirectly committed and/or induced acts of patent infringement in this district. Additionally, the Plaintiff Smith is an inventor, and patent owner of the patent in suit, and he resides in the Eastern District of Texas.  The inventors developed and invented the patented subject matter at least in part in the Eastern District of Texas, and Smith commercialized the patented subject matter in the Eastern District of Texas.

## PATENT IN SUIT

8. On August 26, 2003, United States Patent No. 6,611,686, entitled "Tracking Control and Logistics System and Method" ("the '686 Patent"), was issued by the United States Patent and Trademark Office.  Smith is an inventor of the '686 Patent.  A true and correct copy of the '686 Patent is attached as Exhibit A and incorporated herein by reference.

9. On May 27, 2008, a third party requested an *Ex Parte* Reexamination of the '686 Patent, and the reexamination proceeding was assigned Control No. 90/009,121 ("the '121 proceeding").  On September 3, 2009, a third party requested a second *Ex Parte* Reexamination of the '686 Patent, and the reexamination proceeding was assigned Control No. 90/010,601 ("the '601 proceeding").  The United States Patent and Trademark Office merged the '121 proceeding and the '601 proceeding on May 25, 2010.  Following reexamination of the '686 Patent, the United States Patent and Trademark Office issued an *Ex Parte* Reexamination Certificate, Number US 6,611,686 C1.  A true and correct copy of the Reexamination Certificate is attached as Exhibit B and incorporated herein by reference.  (United States Patent No. 6,611,686, together

with the *Ex Parte* Reexamination Certificate, Number US 6,611,686 C1, shall hereinafter be referred to as the '686 Patent"). The issue claims from the reexamination of the '686 Patent are valid, enforceable, and in force.

10. Smith is the lawful owner, holder, and assignee of all rights, title and interest in the '686 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '686 Patent. Accordingly, Smith possesses the exclusive right and standing to prosecute the present action for Defendants' infringement of the '686 Patent.

## COUNT I: PATENT INFRINGEMENT

11. Smith refers to and incorporates herein the allegations of Paragraphs 1 through 10 above.

12. ORBCOMM and STIT directly or through intermediaries distribute, provide, supply, offer for sale, sell, market, advertise, and otherwise provide asset monitoring and fleet management products and systems that infringe one or more claims of the '686 Patent. ORBCOMM is a provider of real-time wireless asset tracking and monitoring products and systems that are used to track, monitor, control, and communicate with assets, fleets, vessels, cargo, and cargo containers around the world. STIT is a wholly owned subsidiary of ORBCOMM. STIT distributes, provides, supplies, offers for sale, sells, markets, advertises, and otherwise provides asset monitoring and fleet management products and systems under the ReeferTrak® brand name.

13. Using global positioning technology, Defendants' customers can track, monitor, control, and/or communicate with assets via the Internet and determine the assets' locations and status. Such data is visible and available to ORBCOMM's customers through the ORBCOMM

web-based tracking and mapping applications, including, but not limited to, CargoWatch®, HealthTrak™, GenTrak™, FleetEdge, IMB, and AssetView, and to STIT's customers through its web-based tracking and mapping application, ReeferTrak®.

14.     Defendants' web-based applications are data transmission systems in which various types of data and information can be sent from and/or received by ORBCOMM communication units or satellite terminals, which are placed or installed on the customer's assets and which collect and transmit various data.  Such communication units include, but are not limited to, ORBCOMM's GT 1100, GT 2300, GT 600, GT 2000, GT 3000, GT 3100, GT 1200, GT 1300 units, and HE 4000 units, and STIT's RT 6000+, ReeferTrak® Commander, ReeferTrak® Sentry units.

15.     ORBCOMM and STIT have directly infringed, and are directly infringing, one or more claims of the '686 Patent in this judicial district, in the State of Texas, and elsewhere in the United States.  ORBCOMM and STIT have infringed, and are infringing, either literally or under the doctrine of equivalents, without the consent or authorization of Smith, by making, using, offering for sale, and/or selling the accused instrumentalities.  ORBCOMM and STIT have engaged in these activities within this judicial district, the State of Texas, and elsewhere in the United States, without the consent of Smith.

16.     ORBCOMM and STIT also infringe under 35 U.S.C. § 271 (b) and (c) by inducing and/or contributing to infringement of the '686 Patent in this judicial district, the State of Texas, and elsewhere in the United States, literally or under the doctrine of equivalents, by, among other things, performing certain steps of the methods and systems claim by the '686 Patent, and advising, encouraging, contributing, or otherwise inducing others to perform the remaining steps claimed by the '686 Patent to the injury of Smith. ORBCOMM and STIT have

had knowledge of the '686 Patent, and by continuing the actions described above, have had specific intent to induce infringement of the '686 Patent pursuant to 35 U.S.C. § 271(b).

17. ORBCOMM and STIT are willfully and intentionally infringing the '686 Patent.

18. Defendants' activities have been without authority and/or license from Smith.

19. Smith is entitled to recover from ORBCOMM and STIT the damages sustained by Smith as a result of Defendants' wrongful acts in an amount, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Smith requests compensation for Defendants' past infringement and for any future infringement.

20. Defendants' unlawful infringement of the '686 Patent has caused immediate and irreparable injury, and unless they are enjoined, their continued infringement will cause Smith injury for which there is no adequate remedy at law.

## JURY TRIAL

21. Pursuant to Fed. R. Civ. P. 38 and 39, Smith hereby demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff Joseph Smith prays that the Court grant the following relief against ORBCOMM, Inc., and StarTrak Information Technologies, LLC:

A. Judgment in favor of Plaintiff Joseph Smith and against ORBCOMM, Inc., and StarTrak Information Technologies, LLC;

B. Preliminary and permanent injunctions, enjoining ORBCOMM, Inc., and StarTrak Information Technologies, LLC, and those in privity with or acting in concert with them from further infringement of the '686 Patent during the remainder of the term for which the patent has been granted;

  C. Damages against ORBCOMM, Inc., and StarTrak Information Technologies, LLC, adequate to compensate Joseph Smith for such acts of infringement;

  D. Reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

  E. Award of interest and costs; and

  F. Such other and further relief as is just and proper.

  Respectfully submitted

  ANDERSON & CUNNINGHAM, P.C.

  */s/ David K. Anderson*
  _____
  David K. Anderson
  david@andersonlawfirm.com
  SBT No. 01174100
  Four Houston Center
  1221 Lamar, Suite 1115
  Houston, Texas 77010
  Telephone: 713-655-8400
  Telephone (Direct): 713-655-7665
  FAX: 713-655-0260
  ATTORNEY-IN-CHARGE FOR
  PLAINTIFF JOSEPH SMITH

OF COUNSEL:

ANDERSON & CUNNINGHAM, P.C.

Julie B. Cunningham
julie@andersonlawfirm.com
SBT No. 05240700
Four Houston Center
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone: 713-655-8400
FAX: 713-655-0260